UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ELMORE GEORGE, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2336-ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Elmore George, III's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because the motion is successive, it will be summarily denied and dismissed.

**Background**

On February 17, 2010, after entering into a written plea agreement with the government, movant pled guilty to conspiring to possess oxycodone with intent to distribute, in violation of 21 U.S.C. § 846. *See United Sates v. George*, Case No. 4:08-cr-596-CEJ (E.D. Mo. May 27, 2010). On May 27, 2010, movant was sentenced to a term of 151 months' imprisonment. *Id.* Movant appealed, but on November 23, 2010, the United States Court of Appeals for the Eighth Circuit affirmed movant's conviction and sentence. *See United States of America v. George*, Case No. 10-2283 (8th Cir. 2010). The Court issued its mandate on December 14, 2010. *See id.*

On July 5, 2011, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *George v. United States*, Case No. 4:11-cv-1179-CEJ (E.D. Mo. Aug. 25, 2014). On August 25, 2014, the Court denied the motion on the merits. *See id.* On December 12, 2014, movant filed a second motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255. *See George v. United States*, Case No. 4:14-cv-2050-CEJ (E.D. Mo. Dec. 29, 2014). On December 29, 2014, the Court dismissed the motion as successive, noting that it had not been certified by the Eighth Circuit Court of Appeals. *See id.* Movant filed the instant motion on June 14, 2016. Therein, he asserts he is entitled to relief under the Supreme Court's decision in *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process.

## Discussion

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant motion has not been certified by the Court of Appeals for the Eighth Circuit. As a result, the Court may not grant the requested relief. Even if the instant motion were not subject to dismissal as successive, it would be dismissed on its merits because movant was not sentenced under the ACCA, and *Johnson* therefore provides no relief. Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Therefore, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Elmore George, III's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 1st day of September, 2017.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE